This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-35375

**WILDERNESS GATE OWNERS ASSOCIATION,**

　　Plaintiff-Appellee,

v.

**WATERMILL PROPERTIES, INC., an Oklahoma corporation,**

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY Sylvia F. Lamar, District Judge**

Sommer, Udall, Hardwick & Jones, PA
Joseph P. Walsh
Santa Fe, NM

for Appellee

Crowley & Gribble, P.C.
Clayton E. Crowley
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**M. ZAMORA, Judge.**

**{1}**　Watermill Properties, Inc. (Watermill) appeals the district court's order granting summary judgment in favor of Wilderness Gate Owners Association (the Association). On appeal, Watermill argues that summary judgment was improperly granted because a genuine issue of material fact remains. Concluding that the alleged disputed facts on which Watermill relies are not material to the Plaintiff's claims, we affirm.

**DISCUSSION**

**{2}** We review summary judgment de novo. *Bartlett v. Mirabal*, 2000-NMCA-036, ¶ 4, 128 N.M. 830, 999 P.2d 1062. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Romero v. Philip Morris, Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713, 242 P.3d 280 (internal quotation marks and citation omitted); *see* Rule 1-056(C) NMRA. Appellate courts "view the facts in a light most favorable to the party opposing summary judgment and draw all reasonable inferences in support of a trial on the merits." *Romero*, 2010-NMSC-035, ¶ 7 (internal quotation marks and citation omitted).

**{3}** "The movant must make a prima facie showing of entitlement to summary judgment." *Noice v. BSNF Ry. Co.*, 2015-NMCA-054, ¶ 5, 348 P.3d 1043. "[T]he burden [then] shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require [a] trial on the merits." *Id.* (internal quotation marks and citation omitted); *see* Rule 1-056(E) (explaining that when the burden shifts to the nonmoving party, that party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial"). "If the facts are not in dispute, and only their legal effects remain to be determined, summary judgment is proper." *Noice*, 2015-NMCA-054, ¶ 5 (internal quotation marks and citation omitted).

**{4}** The Association moved for summary judgment based on the following undisputed facts. The Association is the governing body of Wilderness Gate subdivision (the subdivision), which was established in 1977 by a Declaration executed by the then-owner and developer of the property. The Declaration provides that the properties subject to the Declaration "shall be held, sold and conveyed subject to . . . easements, restrictions, covenants, and conditions" that govern the subdivision. Among the conditions imposed on properties subject to the Declaration is the condition that the owner of any subdivision lot is "deemed to covenant and agree to pay to the Association (1) annual assessments or charges, and (2) special assessments for capital improvements . . . , if assessed by the board[.]" The Declaration also states that "the Association may levy a special assessment for the purpose of defraying, in whole or in part, the cost of any construction, reconstruction, repair, or replacement of a capital improvement upon the Common Area[.]" Further, the Declaration provides that the assessments, "together with interest, costs, and reasonable attorney[] fees, shall be a charge on the land and shall be a continuing lien upon the property against which each such assessment is made."

**{5}** In 2005 Watermill purchased Lot 45 in the subdivision. In 2012 the Association voted to amend the Declaration's definition of "Common Area[s]" from the 1977 definition of "all real property now or hereafter owned by the Association and all easements and facilities[,]" to "easements which are dominant over all [p]roperties for the benefit of all members and are regulated by the Board of Directors of the Association." On July 19, 2014, the Association approved a special assessment of $5,000 per lot for the paving of the first 1.3 miles of Wilderness Gate Road. Watermill

was notified of the special assessment, but failed to pay. The Association filed a notice of lien and brought suit against Watermill to collect debt and money owed and to foreclose on the lien of the unpaid assessment.

**{6}** The Association moved for summary judgment based on the above undisputed facts and asserted that it was entitled to judgment as a matter of law. The district court granted the Association summary judgment on the basis that the Association's motion was well taken and based on the failure of Watermill's counsel to attend the summary judgment hearing. Watermill moved the district court to reconsider, which the district court denied.

**{7}** Watermill now appeals the grant of summary judgment and contends that a genuine issue of material fact exists to preclude summary judgment, pointing to the Declaration's 2012 amendment to the definition of "Common Area." Watermill argues that the 2012 amendment was unreasonable, likening the case to *Nettles v. Ticonderoga Owner's Ass'n, Inc.*, 2013-NMSC-030, 306 P.3d 441. Importantly, Watermill does not dispute that the Association has the legal authority to assess and collect this special assessment, but rather only challenges the reasonableness of the 2012 amendment to "Common Area." Watermill also argues, responding to the Association's arguments made below and on appeal, that this argument is not waived because reasonableness is not an affirmative defense. Finally, Watermill asserts that its failure to appear at the hearing was an improper basis for granting summary judgment. We conclude Watermill failed to show the existence of a genuine issue of *material* fact. We explain.

**{8}** To survive summary judgment, **"**New Mexico law requires that the alleged facts at issue be material." *Romero*, 2010-NMSC-035, ¶ 11. "An issue of fact is 'material' if the existence (or non-existence) of the fact is of consequence under the substantive rules of law governing the parties' dispute." *Martin v. Franklin Capital Corp.*, 2008-NMCA-152, ¶ 6, 145 N.M. 179, 195 P.3d 24. "The inquiry's focus should be on whether, under substantive law, the fact is necessary to give rise to a claim." *Romero*, 2010-NMSC-35, ¶ 11 (internal quotation marks and citation omitted).

**{9}** For the Association to prevail on its claim to collect money and foreclose on the lien, it had to demonstrate that it was authorized to collect the special assessment, pursuant to the terms of the Declaration and Watermill breached its obligation to pay. *See Agua Fria Save the Open Space Ass'n v. Rowe*, 2011-NMCA-054, ¶ 19, 149 N.M. 812, 255 P.3d 390 (explaining that "[r]estrictive covenants constitute a contract between the subdivision's property owners as a whole and the individual lot owners" (internal quotation marks and citation omitted)). By affidavits and exhibits attached to its motion for summary judgment, the Association presented unrefuted evidence that the Association had the authority to impose the special assessment for the construction of the first 1.3 miles of Wilderness Gate Road, that the Association approved the July 19, 2014 special assessment, that Watermill was notified of the special assessment, and that Watermill repeatedly failed to pay the special assessment. Based on the language in the Declaration, this evidence established a prima facie showing that the Association

was entitled to summary judgment. *See Freeman v. Fairchild*, 2018-NMSC-023, ¶ 16, 416 P.3d 264 (stating that when "the moving party establishes a prima facie case, the burden shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits" (internal quotation marks and citation omitted)).

{10}    Watermill has failed to rebut this prima facie showing. Watermill relied exclusively on evidence related to the 2012 amendment to the definition of "Common Area," to rebut the Association's prima facie showing, but has failed to demonstrate how the amendment is material to its assertion that it is not obligated to pay the special assessment. The Declaration clearly authorizes the Association to "levy a special assessment" to "construct[] . . . a capital improvement upon the Common Area." Watermill does not contend that the first 1.3 miles of Wilderness Gate Road for which the special assessment was assessed, was not part of the Common Area, regardless of whether the pre-2012 definition or post-2012 definition of "Common Area" is applied. Instead, it contends that the road leading up to its property is also part of the Common Area that should also be paved. Thus, under the circumstances of this case, the definition of "Common Area" is not material to the Association's claim that it is entitled to collect the special assessment for the first 1.3 miles of Wilderness Gate Road. Even if we were to conclude that the 2012 amendment was unreasonable, our holding today would not be altered. Because the reasonableness of the amendment to the definition of "Common Area" is not a material fact, it does not preclude summary judgment.

{11}    Watermill relies almost exclusively on *Nettles*, whereby the Court held that the reasonableness of covenant amendments is a factual question that precludes summary judgment. 2013-NMSC-030, ¶ 21. However, *Nettles* is distinguishable from this case because, in that case, the reasonableness of the amendments was a material fact. In *Nettles*, the landowner filed suit against the homeowner association, alleging a changed definition of "common easements" "had the clear effect of relieving burdens from the Majority [of lot owners] while increasing them for the minority." *Id.* ¶¶ 5, 7, 19 (internal quotation marks and citation omitted). The Court reversed the district court's grant of summary judgment, holding that "[t]he reasonableness of [the] covenant amendments is a question of fact." *Id.* ¶ 21. In that case, the question of the reasonableness of the amendments was material because it was the basis of his claim; the suit was filed to challenge the legality of the amendments. On the other hand, in this case, as discussed above, the reasonableness of the amendment to the definition of "Common Area[s]" is not determinative of Watermill's obligation to pay the special assessment and is therefore not a material fact. Whereas the *Nettles* plaintiff brought suit to elicit a ruling as to the propriety of the amendment, this case is not about the amendment; it is about the enforcement of the special assessment. Because it has failed to show how it would not be responsible for the special assessment even if we declared the amendment unreasonable, Watermill has not demonstrated how the issue of the amendment is material to the assessment collection. Accordingly, we hold that the district court properly granted the Association's summary judgment.

**{12}** Because we affirm the district court's granting of summary judgment and finding of no genuine issue of material fact, we need not reach Watermill's additional arguments regarding whether reasonableness is an affirmative defense and regarding Watermill's failure to attend the summary judgment hearing.

**CONCLUSION**

**{13}** For the foregoing reasons, we affirm the district court's grant of summary judgment.

**{14}  IT IS SO ORDERED.**

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JACQUELINE R. MEDINA, Judge**